*Nemo debet bis vexari pro eadem causa* that " to constitute a good plea of *res adjudicata* it must be shown that the former suit was one in which the plaintiff might have received precisely what he seeks in the second." (*Nelson* v. *Couch*, 15 C. B. [N. S.] 99.) I think the plea of *res adjudicata* must fail because the plaintiff was not obliged to plead as a defense facts upon which the court had not the competence to decree complete relief. Furthermore, Mr. Justice Miller writing for the Appellate Division of the First Department and nowhere overruled, has distinctly pointed out the infirmity of the magisterial court in the following language: " It is said that the trial of the questions of fact and law upon which the right to specific performance depends, and the adjudication of such right is not the exercise of equitable jurisdiction so long as a formal decree directing specific performance is not entered. The constitutional inhibition has reference to substance, not mere form * * *. It is sufficient on this appeal to hold that the Municipal Court cannot determine the *right* of a party to a specific performance of a contract." (*Simon* v. *Schmitt*, 137 App. Div. 627.) Whether plaintiff had the *right* to specific performance of his contract the county judge had no authority to determine. The plaintiff might have used such a plea as a shield. (*Rodgers* v. *Earle*, 5 Misc. Rep. 164; *Richards* v. *Littell*, 16 id. 339; *Constant* v. *Barrett*, 13 id. 249; *Homestead Bank* v. *Wood*, 1 id. 145; *Bien* v. *Bixby*, 18 id. 415, 421; *Horton* v. *Roy*, 116 id. 707.) His failure to do so under the authorities above referred to did not rob him of the right to use it in another action as a sword. It follows that the order in the summary proceedings constitutes no estoppel or bar in the instant case and that since no other questions were considered by the trial court there should be a new trial. I vote for reversal and a new trial.

SILAS J. VAN ALSTYNE, Respondent, v. CITY OF AMSTERDAM, Appellant.— Judgment unanimously affirmed, with costs. Present — H. T. Kellogg, Acting P. J., Van Kirk, Hinman and Hasbrouck, JJ.

THE AMSTERDAM CITY NATIONAL BANK, Respondent, v. JOHN W. OLMSTEAD, Appellant, Impleaded with Others. (No. 1.) — Order reversed, without costs, and allowance reduced to $200 on the ground that the plaintiff not having succeeded as to the defense interposed the same should not be made the basis for an allowance to it, and on the further ground that the discretion of the court was improperly exercised. Cochrane, P. J., H. T. Kellogg, Van Kirk, Hinman and McCann, JJ., concur.

THE AMSTERDAM CITY NATIONAL BANK, Respondent, v. JOHN W. OLMSTEAD, Appellant, Impleaded with Others. (No. 2.) — Order reversed, without costs, and allowance reduced to $200 on the ground that the plaintiff not having succeeded as to the defense interposed the same should not be made the basis for an allowance to it, and on the further ground that the discretion of the court was improperly exercised. Cochrane, P. J., H. T. Kellogg, Van Kirk, Hinman and McCann, JJ., concur.

EDWARD B. ASHTON, Appellant, v. SCHENECTADY HOLDING COMPANY, INC., Respondent.— Order unanimously affirmed, with ten dollars costs and disbursements. Present — Cochrane, P. J., H. T. Kellogg, Van Kirk, Hasbrouck and McCann, JJ.

MARJORIE AUSTIN, Respondent, v. CALVIN T. AUSTIN, Appellant.— Order unanimously affirmed, with ten dollars costs and disbursements. Present —